J-A05023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY S. BURKE | : | |
| | : | |
| Appellant | : | No. 1320 EDA 2022 |

Appeal from the PCRA Order Entered April 22, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0325182-1986.

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 2, 2023**

Gregory S. Burke appeals *pro se* from the order denying his eighth untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

This Court previously summarized the pertinent facts and protracted procedural history as follows:

> On August 13, 1980, Burke and two accomplices shot and killed the owner of a grocery store located in Philadelphia, Pennsylvania. The homicide remained unsolved until October 1985, when the police were informed that Burke and his accomplices were the perpetrators of the incident. Burke subsequently entered into a negotiated guilty plea to second-degree murder, conspiracy, robbery, and possessing an instrument of crime. In 1987, the trial court sentenced him to life in prison. Burke filed a *pro se* PCRA Petition, after which his direct appeal rights were reinstated *nunc pro tunc*. Burke subsequently appealed, *nunc pro tunc*, and on September 3, 1992, this Court affirmed Burke's judgment of sentence, but remanded to the trial court for resentencing. **See Commonwealth v. Burke**, 619 A.2d 786 (Pa. Super. 1992)

(unpublished memorandum). On August 3, 1993, the Pennsylvania Supreme Court denied Burke's Petition for allowance of appeal. ***See Commonwealth v. Burke***, 631 A.2d 1003 (Pa. 1993). Thereafter, the trial court re-sentenced Burke to life in prison, and a concurrent term of five to ten years in prison for his conviction of conspiracy.

Burke filed several unsuccessful PCRA Petitions over the next several decades.

***Commonwealth v. Burke***, 256 A.3d 13 (Pa. Super. 2021), non-precedential decision at 1-2 (footnote omitted).

On May 1, 2019, Burke filed his seventh *pro se* PCRA petition, as well as four supplemental petitions. On July 2, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing because it was untimely filed. Burke filed a response. By order entered August 31, 2020, the PCRA court dismissed Burke's seventh petition.

Burke appealed. On May 7, 2021, we affirmed the order denying post-conviction relief. ***Burke***, ***supra***. In doing so, we noted that although Burke purported to invoke "the newly-discovered facts exception" he provided "no argument or analysis as to how that exception applies, or how he established that exception before the PCRA court." ***Id.*** at 4.

While his prior appeal was pending, Burke filed the *pro se* PCRA petition at issue, his eighth. On September 21, 2021, Burke filed a supplemental/amended petition. Thereafter, the PCRA court issued a Rule 907 notice and Burke filed a response. By order entered April 22, 2022, the PCRA court dismissed Burke's eighth petition as untimely filed. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Burke challenges the denial of his most recent attempt to obtain post-conviction relief. Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. *Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

Initially, we note that Burke's *pro se* brief consists of a patchwork of apparent prior filings—some pages are hand-printed while others are typed. Within this sixty-page filing, Burke raises many claims of due process violations and presents repetitive assertions regarding the timeliness of his petition. Although Burke presents six substantive issues for review, we must first determine whether the PCRA court correctly concluded that his eighth petition was untimely filed, and that Burke failed to establish an exception to the time bar.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional

right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).  In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal.  ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims."  ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Before denying his seventh PCRA petition, this Court concluded that "Burke's judgment of sentence became final on November 1, 1993, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired."  ***Burke***, non-precedential decision at 3 (citations omitted). Because Burke filed his eighth petition almost three decades later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  ***See Hernandez***, ***supra***.

After review, we concur with the PCRA court's conclusion that Burke failed to plead and prove a time-bar exception.  In his eighth petition, Burke asserted that he could establish the governmental interference exception

based upon violations of **Brady v. Maryland**, 373 U.S. 83 (1963), as well as the newly-discovered fact exception, based on the fact that the Commonwealth intentionally withheld the following: 1) his medical records that would have supported his claim of diminished capacity, 2) the arrest record and a deal the Commonwealth made with a "star witness" who testified at his preliminary hearing; and 3) alleged plea deals that were made with his accomplices. In addition, Burke raises as a newly-discovered fact our Supreme Court's decision in **Small** which eliminated the previously recognized public record presumption in post-conviction proceedings.

In addressing these claims, the PCRA court concluded that Burke failed to prove any exception to the PCRA's time bar:

> Rather than presenting any evidence to satisfy the timeliness requirements, [Burke] proceeded to discuss his substantive claims. Therefore, he has failed to demonstrate that his claims were submitted within one year of the date he allegedly discovered the facts underlying these claims. **See** [42 Pa.C.S.A. § 9545(b)(2)]. This kind of presentation fell woefully short of [Burke's] obligation to explain how one of the three statutory exceptions applied. **See**, **Commonwealth v Lark**, 746 A.2d 585, 589 ([Pa.] 2000), **overruled on other grounds by Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020).

> As [Burke] failed to plead and prove one of the exceptions to the PCRA time-bar, this [c]ourt is without jurisdiction to consider the merits of his claims, or offer any form of relief.

PCRA Court Opinion, 4/22/22, at 1-2.

Our review of the record supports the PCRA court's conclusion. Initially, Burke's attempt to correct the deficiencies in his PCRA petition by presenting

additional argument and information in his appellate brief fails. ***Burton***, ***supra;*** Pa.R.A.P. 302(a), ***supra***.

Nonetheless, we note that a review of the protracted post-conviction proceedings in this case refute Burke's attempt to establish either time-bar exception. We briefly address each exception below.

First, Burke contends that the Commonwealth committed a number of ***Brady*** violations. Although a ***Brady*** violation might fall within the governmental interference exception to the PCRA's time bar, the statute nevertheless requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. ***Commonwealth v. Williams***, 105 A.3d 1234 (Pa. Super. 2014).

A review of the claims Burke raised in his previous petitions reveals that Burke raised the claim regarding his medical records in his third PCRA petition filed in 2010 and raised his concerns regarding the testimony of the Commonwealth's star witness as early as his fourth PCRA petition in 2012. Although the claims regarding alleged deals that his accomplices made with the Commonwealth appear to be raised for the first time, we note that Burke's self-serving allegations are the only evidence that any such agreement or deal existed. ***See Commonwealth v. Bomar***, 104 A.3d 1179, 1194 (Pa. 2014) (explaining a purported ***Brady*** claim failed when there was no credible

evidence to establish that the Commonwealth promised a witness parole in exchange for his testimony).

To the extent that Burke claims that these same allegations constitute newly-discovered facts, we note that this assertion fails for the same reasons. To satisfy this exception, a PCRA petitioner must allege and offer to prove that the facts upon which the claim is predicated were not previously known to the petitioner and could not have ascertained earlier with the exercise of due diligence. **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017). Here, Burke knew of the facts regarding his medical records and the star witness arrest records years before filing his eighth PCRA petition. Although his allegation of deals the Commonwealth made with the accomplices is new to his claim for post-conviction relief, it is not supported by any credible evidence.

Finally, we note that the **Small** decision cannot constitute a newly discovered fact. **See Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) (explaining that judicial decisions are not newly-discovered facts for purposes of the PCRA's time bar exception). Moreover, in **Small**, our Supreme Court made clear that there is no longer a "public record exception" pursuant to which a court may find that information available to the public is not a fact that was previously "unknown" to the PCRA petitioner. Nevertheless, the high court clarified that "[t]he textual requirements of the time-bar exception remain." **Small**, 238 A.2d at 1286. Thus, despite the elimination of the public record presumption, the PCRA petitioner must still

establish due diligence. Here, **Small** is of no benefit to Burke, as he already knew about his medical records and his concerns regarding the star witness' testimony. His claim regarding deals the Commonwealth allegedly made with his accomplices is no more than speculation.

In sum, the PCRA court correctly determined that Burke's eighth PCRA petition was untimely filed, and he did not plead or prove an exception to the PCRA's time bar. As such, we lack jurisdiction to address the merits of his six substantive issues. **Derrickson**, **supra**. We therefore affirm the PCRA court's order denying Burke post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2023